UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIVE FACE ON WEB, LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>SMART MOVE SEARCH, INC., and BETSI ROSEN,<br><br>             Defendants. | HONORABLE JOSEPH H. RODRIGUEZ<br><br>Civil No. 15-4198 (JHR/AMD)<br><br>**OPINION** |

This matter is before the Court on Defendants' motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Court has reviewed the submissions and decides the matter based on the briefs pursuant to Fed. R. Civ. P. 78(b). For the reasons stated here, Defendants' motion will be denied.

Background

The Court previously set forth the general background of this copyright infringement suit brought by Plaintiff Live Face on Web, LLC ("LFOW") against Defendants Smart Move Search, Inc. and Betsi Rosen. The Second Amended Complaint alleges facts consistent with those in the Court's prior Opinion, but with further detail. LFOW develops computer software. (Am. Compl. ¶ 9.) The copyrighted software at issue allows a website to display a video spokesperson who walks and talks on the computer screen, directing a website visitor's

1

attention to certain aspects of the website.  (Id. ¶ 9.) The website for Defendant Smart Move allegedly has this video spokesperson functionality.  (Id. ¶ 19.) "[I]n order to display the web spokesperson video on [its] website," Smart Move allegedly "used, copied, and distributed" LFOW's software without permission. (Id. ¶ 20)

The Amended Complaint alleges that each time a person visits Smart Move's website and views the video spokesperson, a separate violation of LFOW's copyright occurs. (Id. ¶ 25.) LFOW explains, "[w]hen a web browser is directed to a website linked to the LFOW Software, the embedded HTML script tag is read by the web browser and causes the automatic distribution of a copy of the LFOW Software. The LFOW Software is automatically saved by the web browser into cache, and/or a hard drive(s), and loaded into computer memory and/or RAM (random access memory). As a result of the distribution of the LFOW Software, the specific web spokesperson video is automatically launched and displayed . . . on the . . . website." (Id. ¶ 13.) That is, in order for the video spokesperson to appear on Smart Move' website, the website causes a copy of LFOW's copyrighted software code to be distributed to each website visitor. (Id. ¶¶ 27-28.)  According to LFOW, this "volitional distribution of the infringing version of the LFOW Software by Defendants to their website visitors is seamless and transparent for the website visitors, who are able to view the video spokesperson . . . by virtue of

2

receiving the copy of the infringing version of the LFOW Software." (Id. ¶ 28.) The Amended Complaint asserts only one claim: "direct, indirect and/or vicarious" copyright infringement. (Id. ¶ 40.)

## Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed.R.Civ.P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. Phillips, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

Analysis

Defendants argue that the Amended Complaint fails to state a claim for copyright infringement. They argue that there are no allegations of unlawful copying and any alleged copying occurred outside the statute of limitations. Defendant Rosen also asserts that the Amended Complaint's allegations fail to support any individual liability on her part.

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991). Only the second element is at issue in this motion. "Copying is a shorthand reference to the act of infringing any of the copyright owner's . . . exclusive rights set forth at 17 U.S.C. § 106." Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002) (internal citation and quotation omitted). "The exclusive rights implicated in this suit are the first three enumerated by § 106: the right '(1) to reproduce the copyrighted work in copies . . .; (2) to prepare derivative works based upon the copyrighted work; [and] (3) to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.'" Live Face on Web, LLC v. Emerson Cleaners, Inc., 66 F. Supp. 3d 551, 554 (D.N.J. 2014).

The Court finds that LFOW has sufficiently pled a claim for direct copyright infringement[1] by alleging that Smart Move's website causes a copy of the LFOW Software to be distributed to the website visitor's computer in cache, memory and/or hard drive. (Am. Compl. ¶ 27.) See Emerson Cleaners, 66 F. Supp. 3d at 555. "The specific technological mechanism by which this is accomplished may be explored during discovery." Id. Besides sufficiently alleging that Smart Move reproduced the computer code, the Amended Complaint also alleges that Smart Move's website distributed copies of the code to each of the website's visitors. (Am. Compl. ¶¶ 22, 27, 30.) Whether Smart Move's actions were unauthorized or unlawful is not an appropriate issue at this stage of the litigation.

As to the argument that the allegations of the Amended Complaint are time-barred, the Amended Complaint alleges that each time a person visits Smart Move's website and views the video spokesperson, a separate violation of LFOW's copyright occurs. Without discovery, the parties cannot know when the last alleged violation occurred. LFOW contends that it discovered[2] the infringement

---

[1] Accordingly, the Court need not address whether the Amended Complaint pleads "access to" the infringed upon work to support an inference of copying. While the instant motion discusses direct and indirect infringement, it does not argue separately against vicarious liability.

[2] The Third Circuit has adopted the discovery rule, a general inquiry notice rule that a claim accrues when the plaintiff discovers or should have discovered with "due diligence" that his rights had been violated with regard to copyright infringement actions. See Brownstein v. Lindsay, 742 F.3d 55, 69-70 (3d Cir.

in 2014 and filed suit on June 19, 2015, which is within the applicable three-year statute of limitations set forth in 17 U.S.C. § 507(b). Again, at the motion to dismiss stage, the Court cannot foreclose this argument in favor of the defense.

Finally, Defendant Rosen argues that the Amended Complaint lacks facts to sustain its claim of individual liability. Of course, individuals may be liable for copyright infringement. Columbia Pictures Indus. v. Redd Horne, Inc., 749 F.2d 154, 160 (3d Cir. 1984) ("An officer or director of a corporation who knowingly participates in the infringement can be held personally liable, jointly and severally, with the corporate defendant."). The Amended Complaint alleges:

> Upon information and belief, Defendant Betsi Rosen ("Rosen") is a resident of New Jersey and the owner and/or president of Smart Move Search, Inc. and was responsible for registering the domain name www.cuttingedgejobs.com and controlling the contents, modifications, and distribution of said website. . . . Additionally, Betsi Rosen has been the administrative and technical contact for the domain name www.cuttingedgejobs.com.

(Am. Compl. ¶ 3; accord Am. Compl. ¶¶ 19-29, 47-50.) The Court finds this sufficient to withstand the instant motion.

---

2014). The Supreme Court noted, without passing on the question, that "nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a 'discovery rule,' which starts the limitations period when the plaintiff discovers, or woth due diligence should have discovered, the injury that forms the basis for the claim." Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1969 n.4 (2014).

## Conclusion

For these reasons, Defendants' motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim will be denied. An appropriate Order will be entered.

Date:  March 21, 2017

    /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
UNITED STATES DISTRICT JUDGE