[D.I. 112]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LIVE FACE ON WEB, LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>SMART MOVE SEARCH, INC. and<br>BETSI ROSEN,<br><br>             Defendants. | Civil No. 15-4198 (JHR/AMD) |

**ORDER**

This matter comes before the Court by way of motion filed by Plaintiff Live Face on Web, LLC (hereinafter, "Plaintiff") seeking an Order to seal a letter filed by Joel B. Rothman, Esquire, dated December 15, 2017, as well as exhibits thereto. (See Plaintiff's Motion to Seal [D.I. 112]; see also Letter [D.I. 99], Dec. 15, 2017.) Although the moving papers indicate that defense counsel objects to the request to seal, no opposition was filed on behalf of Defendants and the time for filing opposition has expired. The Court has considered the submissions and decides this motion pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth herein, Plaintiff's motion is denied without

prejudice. Plaintiff shall file a renewed motion to seal in accordance with the Local Rules of Civil Procedure within ten (10) days of entry of the within Order.

The Court notes that under L. Civ. R. 5.3(c)(1), the Court may permit a party to seal, or otherwise restrict public access to, any materials or judicial proceedings upon request by that party by formal motion made pursuant to L. Civ. R. 7.1. Under Local Civil Rule 5.3(c)(3), any motion to seal or otherwise restrict public access shall describe "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(3)(a)-(d). The Court notes that, "where a party [seeks] to seal pretrial motions of a 'nondiscovery nature,' the moving party must make a showing sufficient to overcome a 'presumptive right of public access.'" Securimetrics, Inc. v. Iridian Tech., Inc., No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006) (quoting Leucadia v. Applied Extrusion Tech., Inc., 998 F.2d 157, 164 (3d Cir. 1993)). No such presumptive right to public access exists where, as here, the party seeks to seal materials of a discovery or non-dispositive nature.

2

Plaintiff asserts that the letter filed by Joel B. Rothman, Esquire, dated December 15, 2017, as well as exhibits thereto [D.I. 99] (hereinafter, the "Subject Material") consist of materials that are subject to a confidentiality order and "includes and/or refers to trade secret and/or proprietary business and contractual information[.]" (See Certification of Counsel in Support of Motion to Seal [D.I. 112-2], ¶¶ 3-4.) The Subject Material, however, was filed without any redactions, and it is unclear from the moving papers which portion of the Subject Material Plaintiff seeks to seal. For example, Exhibit 1 attached to Mr. Rothman's letter [D.I. 99-1] is a Certificate of Registration which is already on the docket as an attachment to Plaintiff's complaint, and therefore, this exhibit does not meet the standard for sealing. Therefore, the Court will require the Clerk to unseal Exhibit 1 [D.I. 99-1] after resolution of the renewed motion to seal. The Court further notes that Exhibit 3 is a single page stating "CONFIDENTIAL – TO BE FILED LATER" – "Exhibit 3" and Exhibit 6 is a single page stating "CONFIDENTIAL – TO BE FILED LATER" – "Exhibit 6." Neither exhibit was filed on the docket. Plaintiff bears the burden of demonstrating that sealing is appropriate. In order for the Court to decide whether sealing is warranted, Plaintiff must identify with particularity the precise sections in the Subject Material that Plaintiff seeks to

seal and the reason each delineated section meets the standard for sealing. Plaintiff has not done so in this present motion, and accordingly, the Court shall deny the motion without prejudice and provide Plaintiff an opportunity to refile the motion to seal consistent with this Order.

Consequently, for the reasons set forth herein and on the record, and for good cause shown:

IT IS on this 23rd day of February 2018, hereby

**ORDERED** that Plaintiff's motion [D.I. 112] to seal shall be, and is hereby, **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff shall, within ten (10) days of entry of the within Order, file a renewed motion to seal setting forth specifically which portion of the Subject Material Plaintiff seeks to seal; and it is further

**ORDERED** that the letter filed by Joel B. Rothman, Esquire, dated December 15, 2017, as well as exhibits thereto [D.I. 99], shall remain sealed pending resolution of the renewed motion to seal.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Joseph H. Rodriguez